[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 23, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13680
Non-Argument Calendar

_____

D. C. Docket No. 05-00289-CV-TWT-1

MATTHEW ROSS, III,

Petitioner-Appellant,

versus

DON JARRIEL,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(February 23, 2007)**

Before TJOFLAT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Matthew Ross II, a Georgia prisoner, pro se, appeals the denial of his petition for a writ of habeas corpus. Ross argues, among other things, that his trial counsel failed to explain the consequences of stipulating to certain facts, "reserve the right to object to any of the stipulated facts" at the bench trial, or investigate prior convictions. We affirm.

Ross was charged with possession of cocaine with intent to distribute, possession of a firearm during the commission of a crime, possession of cocaine, possession of a firearm by a convicted felon, and a traffic violation. Ross's trial counsel moved to suppress the gun and drugs. The trial court denied the motion. Ross then agreed to stipulate to facts establishing guilt and waive his right to a jury trial, rather than enter a guilty plea or have a trial on the merits. At the stipulation hearing, Ross said that he understood that he was stipulating facts that would prove guilt as a means to appeal the denial of his motion to suppress and he would be waiving his right to a jury trial. At the short bench trial that followed Ross's factual stipulations, the government submitted certified copies of three prior felony convictions to establish that Ross was a recidivist. The court found Ross guilty and sentenced Ross to thirteen years of incarceration followed by probation. The Georgia Court of Appeals affirmed, and the Supreme Court of Georgia denied certiorari.

2

Ross filed a state habeas petition and argued that his trial counsel was ineffective. The state habeas court held an evidentiary hearing, and Ross's attorney was the only witness. The attorney testified that he consulted with Ross about the stipulation procedure and informed him of the facts that would be stipulated at the hearing. The attorney admitted that he did not reserve the right to object to any of the stipulated facts, but he explained that Ross's stipulation of guilt and waiver of a jury trial eliminated the need to do so. The attorney admitted that he stipulated to Ross's three prior convictions without investigation because the State presented certified copies of the convictions. The state court denied habeas relief.

Ross filed a federal habeas petition. Ross argued, among other things, that his attorney rendered ineffective assistance of counsel. The district court denied habeas relief. The district court granted a certificate of appealability on the issue of whether Ross received ineffective assistance of counsel.

We review de novo the denial of a habeas petition. Sims v. Singletary, 155 F.3d 1297, 1304 (11th Cir. 1998).

"The Sixth Amendment guarantees criminal defendants the effective assistance of counsel." Yarbrough v. Gentry, 540 U.S. 1, 5, 124 S. Ct. 1, 4 (2003). To prove ineffective assistance, a petitioner must establish both that counsel's

3

performance was deficient and a reasonable probability that the outcome would have been different but for counsel's deficient performance. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). An attorney's performance is measured for "reasonableness under prevailing professional norms." Id. at 688, 104 S. Ct. at 2065.

After our review of the record, we conclude that the decision of the state habeas court that Ross's counsel was not ineffective was not contrary to federal law or based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d). The only evidence presented in Ross's state habeas proceeding established that Ross was advised of the purpose of the stipulation of the evidence and that he voluntarily agreed to the procedure. The record establishes that Ross agreed to the tactical decision of stipulating at a bench trial, rather than demanding a trial on the merits, because the only colorable argument in Ross's favor was that the search that revealed he possessed cocaine and a handgun violated the Constitution. The attorney explained that he had no cause to investigate or object to the introduction of Ross's previous felony convictions because, in Georgia, the State may prove a previous conviction by introducing a certified copy. See, e.g., Speed v. State, 270 Ga. 688, 693, 512 S.E. 2d 896, 905 (1999).

Even if any of these actions had been unreasonable, Ross could not establish

4

in the state habeas court that the result would have been different to a "probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S. Ct. 2068. The only evidence presented at his the suppression hearing, the testimony of the arresting officers, established that Ross committed the crimes with which he had been charged. Ross did not contradict this testimony at his bench trial or at his habeas hearing.

When liberally construed, see Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), both Ross's pro se federal habeas petition and his pro se briefs on appeal purport to raise a host of other issues about the process afforded by the state court and the adequacy of his trial attorney, but we need not reach their merits. To the extent that Ross's federal habeas petition raised issues not presented to the state habeas court, these issues are procedurally barred. See Lynd v. Terry, 470 F.3d 1308, 1313 (11th Cir. 2006). To the extent that his briefs on appeal raise issues not presented in the district court or covered by the certificate of appealability, those issues are not properly before this court. See Murray v. United States, 145 F.3d 1249, 1250-51 (11th Cir. 1998).

The denial of Ross's habeas petition is

**AFFIRMED.**

5